IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| YUSEF HOLLINS, #1864680 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv360 |
| B. BECKER, ET AL. | § | |

MEMORANDUM OPINION ADOPTING REPORT OF
THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Yusef Hollins, an inmate of the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Hollins contended that on November 7, 2015, while housed at the Beto Unit, Defendant Larson applied excessive force on him by unnecessarily spraying him with a chemical agent directly into his face. He claimed that immediately thereafter, he was placed in solitary confinement—at which point Defendant Becker purposely destroyed his personal property. Specifically, Hollins maintained that Defendant Becker, while conducting inventory, threw away personal family photographs, a book of personal addresses, magazines, and hygiene items. He claimed that an unnamed officer witnessed Defendant Becker's destruction of his property. Hollins sought monetary compensation.

Defendant Becker filed a motion to dismiss, (Dkt. #31), arguing that Hollins failed to demonstrate a constitutional violation. Moreover, Defendant Becker asserted that Hollins' claim is essentially a tort claim, which is barred by sovereign immunity.

On July 25, 2018, the Magistrate Judge issued a Report, (Dkt. #42), recommending that Defendant Becker's motion to dismiss should be granted. Specifically, the Magistrate Judge found that Hollins had not presented a viable constitutional claim concerning his personal property; the random, unauthorized, and even negligent deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy, which the Texas state judicial system does through the tort of conversion. *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (emphasis added); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981).

In his response to Defendant Becker's motion to dismiss, Hollins argues that the *Hudson/Parratt* doctrine does not apply because the deprivation of his property stemmed from a state procedure. However, the Magistrate Judge determined that there was no indication whatsoever that Hollins' property was destroyed or confiscated pursuant to any administrative or state procedure or directive. Hollins has filed timely objections to the Report, (Dkt. #46).

## II. Hollins' Objections

In his objections, Hollins insists that even if his claim is essentially a tort claim, his case still should proceed. He reiterates several times that Defendant Becker "deliberately" destroyed his personal property. As he argued in his complaint, Hollins maintains that Defendant Becker acted with discriminatory and prejudicial intent after the excessive force incident, wherein Defendant Becker purposely destroyed his property. Hollins attached a property inventory sheet,

signed by Defendant Becker; he argues that this inventory sheet shows that the property destruction was proof of a prison administrative directive.

**III. Discussion and Analysis**

The Magistrate Judge properly recommended that Defendant Becker's motion to dismiss should be granted. As explained in the Report, otherwise known as the *Parratt/Hudson* doctrine, the random, unauthorized, and even negligent deprivation of a property or liberty interest **does not** violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (emphasis added); *see also Hudson*, 468 U.S. at 533; *Parratt*, 451 U.S. at 541-44. Before the doctrine can be applied, three pre-deprivation conditions must be met: (1) that the deprivation was predictable; (2) that the pre-deprivation process be impossible, making any additional safeguards useless; and (3) that the conduct of the state actor be unauthorized. When these conditions exist, the State cannot be required to do the impossible by providing a pre-deprivation process. *See Charbonnet v. Lee*, 951 F.2d 638, 642 (5th Cir. 1992); *Myers Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996).

In other words, the deprivation of property by prison officials—even when negligent or intentional—does not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists. *Hudson*, 468 U.S. at 533; *see also Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) ("The Due Process Clause is not implicated by a state officials negligent act causing unintended loss of property."). The Texas state judicial system provides an adequate state post-deprivation remedy. *See* Tex. Gov. Code Ann. Art. 501.007 (Vernon Supp. 1994); *see also Murphy Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) ("In *Hudson v. Palmer*, the Supreme Court held that deprivation of property caused by the misconduct of state

officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist. In Texas, as in many other states, the tort of conversion fulfills this requirement.").

Furthermore, if the deprivation of an inmate's property does not occur randomly—but, rather, under the authority of a prison administrative directive—then the existence of post-deprivation remedy does not preclude a due process claim under section 1983. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (finding that the district court erred in applying the *Hudson*/*Parratt* doctrine because the undisputed facts showed that the inmate's property was confiscated pursuant to a specific prison directive, which is not "random.").

Here, because an adequate state post-deprivation remedy exists in Texas, the appropriate forum for his claim lies in state court or the administrative processes of TDCJ-CID rather than federal court. *See Simmons*, 837 F.2d at 1244. The crux of Hollins' objections concern the property inventory sheet—as he insists that Defendant Becker destroyed his property through a prison administrative directive.

Nevertheless, Hollins' attached inventory sheet does not show that Defendant Becker acted pursuant to any directive or policy. Hollins' own words on objection demonstrate that the destruction of his property occurred randomly—which shows that no due process violation occurred. Specifically, Hollins repeatedly asserts that Defendant Becker acted with discriminatory and prejudicial intent against him after a use-of-force incident. However, if Defendant Becker acted with a discriminatory purpose, then the destruction of his property must have occurred randomly and not pursuant to an established prison administrative directive or policy. Because the destruction of his property was random, the state could not provide an adequate pre-deprivation remedy. Hollins provides no independent substantiation for his claim that Defendant Becker acted with a discriminatory purpose—other than his own words, which are nothing more than the

"unadorned, the-defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that provides only naked assertions that are devoid of further factual enhancement does not suffice. *Id*. Accordingly, Hollins' objections must be overruled.

## IV. Conclusion

Because Hollins own words—in both his complaint and objections to the Magistrate Judge's Report—show that the destruction of his property occurred randomly, he has not demonstrated a constitutional violation. The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Hollins' objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #46), are overruled and the Report of the Magistrate Judge, (Dkt. #42), is **ADOPTED** as the opinion of the Court. Further, it is

**ORDERED** that Defendant Becker's motion to dismiss, (Dkt. #31), is **GRANTED**. Plaintiff's claims against Defendant Becker are hereby dismissed with prejudice. The dismissal of these claims does not affect the remaining claims against Defendant Larson.

So **ORDERED** and **SIGNED** September 5, 2018.

_____
Ron Clark, Senior District Judge